Filed 1/8/26  Conservatorship of C.H. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Conservatorship of the Person of C.H. | B344897 |
| PUBLIC GUARDIAN OF LOS ANGELES COUNTY,<br><br>        Petitioner and Respondent<br><br>v.<br><br>C.H.,<br><br>        Objector and Appellant. | (Los Angeles County Super. Ct. No. 22HWMH01059) |

APPEAL from an order of the Superior Court of Los Angeles County, Rene C. Gilbertson, Judge.  Dismissed.

Christian C. Buckley, under appointment by the Court of Appeal, for Objector and Appellant.

No appearance for Petitioner and Respondent.

\* \* \* \* \* \*

The trial court reappointed the Los Angeles County Office of the Public Guardian as conservator for C.H.[1] for a one-year term after a jury found, beyond a reasonable doubt, that C.H. suffers from a mental health disorder that renders her "gravely disabled" under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq. (the Act); *id.*, §§ 5350, 5008, subd. (h)(1)(A)).[2] C.H. appealed, arguing that substantial evidence does not support the jury's finding that the disorder inhibits C.H. from providing for her basic needs.

This appeal is moot. An order reappointing a conservator under the Act lasts for one year only, by operation of law. (§ 5361; *Conservatorship of K.Y.* (2024) 100 Cal.App.5th 985, 988 (*K.Y.*); *Conservatorship of Eric B.* (2022) 12 Cal.5th 1085, 1096.) The conservatorship challenged by C.H. here expired on August 9, 2025. Because we can no longer grant C.H. the relief that she seeks (namely, to vacate the order that has already expired by operation of law), her appeal is moot. (*K.Y.*, at p. 988; *Conservatorship of C.O.* (2021) 71 Cal.App.5th 894, 903 ["When a challenged conservatorship has ended, the appeal of that conservatorship is 'technically moot'"].) Although courts have inherent discretion to reach the merits of an otherwise moot

---

[1]	C.H.'s assigned gender at birth is male, but consistent with C.H.'s gender identity in the record as male to female transgender, we use feminine pronouns.

[2]	All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

appeal where the appeal raises issues that "'are of public interest, will continue to evade review, and are likely to recur, both in general and as to the [appellant] specifically'" (*K.Y.*, at p. 989; *C.O.*, at p. 903), the sole issue in C.H.'s appeal here is whether the now-expired order was supported by substantial evidence—which is an issue grounded in the specific evidentiary record of a case and hence raises no broader legal questions. Indeed, C.H. has conceded, in the supplemental brief we requested on this issue,[3] that her appeal is moot and does not warrant the exercise of our discretion.

C.H.'s concessions are well taken, so we accordingly decline to exercise our discretion to consider the merits of C.H.'s claims and we dismiss the appeal as moot. (*K.Y.*, *supra*, 100 Cal.App.5th at p. 989.)

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
KIM (D.)

---

[3]     The Public Guardian did not respond to C.H.'s appeal.

3